IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| James Brandon Pilgrim, #005221, ) | |
| ) | Civil Action No. 8:04-23255-CMC-BHH |
| Plaintiff, ) | |
| ) | **ORDER AND REPORT OF MAGISTRATE** |
| ) | **JUDGE** |
| vs. ) | |
| ) | |
| Ronnie Brayboy, Frank B. Richardson, ) | |
| and C.C. Durant, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 16, 2004, seeking damages against state law enforcement officials for the alleged unlawful use of excessive force on various occasions. On July 7, 2005, the defendants moved for summary judgment. By order filed July 13, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 8, 2005, the plaintiff filed a brief response requesting that the Court deny the motion for summary judgment. The plaintiff also has various motions for discovery pending, which will be addressed herein.

## FACTS PRESENTED

The plaintiff contends that on March 5, 2004, the Defendants entered his cell at Lee Correctional Institution, and subjected him to excessive force. (*See* Complaint.) The plaintiff also contends that on February 5, 2004, the defendant Richardson subjected him to excessive force. *Id.* The plaintiff further alleges that on April 13, 2004, May 15, 2004, and June 8, 2004, he was assaulted by other inmates. *Id.* Finally, the plaintiff claims that on July 24, 2004, he was assaulted by SCDC officers who are not named as defendants to this action.

## LAW AND ANAYLSIS

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment

2

shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**I.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Prison Litigation Reform Act's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," including "excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). "To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Thus, the inmate must actually and strictly comply with the requirements of the administrative processes. *See Houze v. Segarra*, 217 F. Supp. 2d 394, 396 (S.D.N.Y. 2002) (and cases cited therein); *see also Booth*, 532 U.S. at 735 (noting that Booth failed to undertake any intermediate or appellate steps in the administrative process).

An inmate's failure to "properly take each step within the administrative process. . . bars, and does not just postpone, suit under § 1983." *Pozo*, 286 F.3d at 1024 (emphasis added); *see also* White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (dismissal is appropriate if the inmate fails to exhaust or only partially exhausts administrative remedies); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (same).

SCDC inmates may pursue administrative remedies pursuant to SCDC Policy No. GA-01.12, which allows inmates to seek administrative redress of grievances for, among other things, treatment at the hands of SCDC employees and the conditions of their care while in SCDC institutions. (*See* Driggers Aff. ¶ 3.) Such remedies provide that inmates can file a grievance (Step 1) within 15 days of the alleged incident, and have that grievance reviewed by the Inmate Grievance Committee ("IGC"). If the inmate is dissatisfied with the IGC's resolution, he is entitled to appeal that decision to the warden. And if the inmate is dissatisfied with the warden's decision, he has the option to appeal to the SCDC deputy director for a final administrative decision. *Id.*

In the present action, the plaintiff failed to exhaust his administrative remedies. According to the Complaint, the plaintiff alleges that he was subjected to an improper use of force by the Defendants on March 5, 2004, that he was subjected to an improper use of force by the defendant Richardson on February 5, 2004, that he was subject to an assault by other SCDC officers on July 24, 2004, and that he was subject to assaults by other inmates on April 13, May 15, and June 8, 2004. The plaintiff, however, filed only one grievance relating to any event similar to the ones alleged. (*See* Complaint at 2, Driggers Aff. ¶ 8.)

On February 9, 2004, the plaintiff filed a grievance relating to the alleged use of force on February 5, 2004. (*See* Diggers Aff ¶ 8.) That grievance was turned over to SCDC's internal affairs division for an investigation. *Id.* Upon completion of the investigation, the Warden responded directly to the grievance, and informed the plaintiff that the

investigation failed to substantiate his claims and that the grievance was being denied. *Id.* The plaintiff was provided, and expressly informed that he was being provided, an opportunity to appeal the Warden's decision to the deputy director per SCDC policy. *Id.* Not only did the plaintiff fail to appeal the Warden's decision, as he had the right to do, he refused to participate in the grievance process by rejecting receipt of the Warden's decision. *Id.* The plaintiff does not contend otherwise.

Accordingly, there is no genuine issue remaining as to whether the plaintiff exhausted his administrative remedies as to the alleged February 5, 2004 incident. He did not. As to the remaining incidents alleged in the Complaint, the plaintiff utterly failed to file any grievance whatsoever, much less carry any such grievances to their ultimate administrative conclusion. *Id.*

For these reasons, this action should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) based on the plaintiff's failure to exhaust his administrative remedies. *See Morales v. Mackalm*, 278 F.3d 126, 128 (2d Cir.2002).

**II.     THE PLAINTIFF'S DISCOVERY MOTIONS**

The plaintiff has filed various motions related to requests for discovery, production of documents, and the production of witnesses. These motions are deficient insofar as it does not appear that the plaintiff has ever directed the discovery requests to the defendants as required by the rules of civil procedure prior to seeking redress from the Court. Accordingly, the motions are denied. Regardless, these discovery requests do not effect the recommendation of the Court that the plaintiff has failed to exhaust his administrative remedies.

It is so ordered.

**CONCLUSION**

Wherefore, it is ORDERED that the plaintiff's Motion for Discovery, Motion for Subpoena and Production of Complaints and Incident Reports, and Motion for Production

of Witness are DENIED. Further, it is RECOMMENDED that the defendants' motion for summary judgment be granted and the plaintiff's complaint be dismissed without prejudice.

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 5, 2006
Greenville, South Carolina