IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| James Brandon Pilgrim, # 005221, | ) | C/A No. 8:04-23255-CMC-BHH |
| | ) | |
| Plaintiff, | ) | **OPINION and ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Ronnie Brayboy, Frank B. Richardson, and | ) | |
| C. C. Durant, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate incarcerated at Lee Correctional Institution (LCI) of the South Carolina Department of Corrections, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is a state pre-trial detainee, housed at LCI as a "safekeeper."[1] Plaintiff seeks damages against LCI correctional officers for an alleged incident of unlawful use of excessive force. Defendants filed a motion for summary judgment on July 5, 2005. Plaintiff was advised by court order of the summary judgment procedure and possible consequences if he failed to respond adequately to the motion. Plaintiff filed a response on August 8, 2005.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On January 5, 2006, the Magistrate Judge issued a Report recommending the Complaint be dismissed without prejudice for failure to exhaust administrative remedies. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

---

[1] The Report and Recommendation indicates that Plaintiff is a federal prisoner. This does not appear to be correct.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge to the extent she recommends dismissal of this action without prejudice. Accordingly, the court adopts and incorporates the Report and Recommendation to this extent. It appears from the record of this case that Plaintiff has failed to exhaust his administrative remedies related to this incident.[2]

---

[2] In support of its summary judgment motion, Defendants submit the affidavit of Janet Driggers, Inmate Grievance Coordinator for LCI. Driggers avers that Plaintiff has filed "numerous grievances" during his period of confinement. *See* Aff. Janet Driggers at 2, filed July 7, 2005. Driggers also recounts the history of Plaintiff's particular grievance related to the incident in question. The affidavit does not, however, attach any supporting or identifying documentation relating to this grievance, nor does it provide this court with any information about what administrative avenue, if any, might still be available to Plaintiff. Plaintiff has provided this court with documentation of at least two (2) grievances which appear to be related to this alleged incident, LCI Grievance No. 016-04 (which appears to have been forwarded to internal affairs for investigation and is likely the grievance rejected by Plaintiff) and LCI Grievance No. 49-04 (which appears to be administratively exhausted, but is not the subject of this lawsuit). *See* Attachments to Mot. to Bring Forth Evidence and Witnesses, filed June 6, 2005. It does not appear this motion

**IT IS HEREBY ORDERED** that the Complaint is *dismissed without prejudice*.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 14, 2006

---

or its supporting material was served on Defendants.  This material, however, leads the court to note that the alleged shortcomings of Plaintiff's grievances (frivolity, lack of specificity, and numerosity) do not relieve Defendants of providing more thorough material accompanying affidavits to this court.